**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

MICHAEL JAMES MOTTO,

        Plaintiff,

v.                                  CIVIL ACTION NO.  5:06-cv-00163

CORRECTIONAL MEDICAL SERVICES,
ST. LOUIS, MO, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

By Standing Order entered on July 21, 2004, and filed in this case on March 2, 2006, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and a recommendation ["PF&R"].  Magistrate Judge VanDervort filed his PF&R on August 27, 2007 [Docket 27].  In that filing, the magistrate judge recommended that this Court (1) grant Defendants James Rubenstein and the State of West Virginia's Motion to Dismiss [Docket 8], (2) grant in part and deny in part the Motion to Dismiss of Defendants Mary Westfall, Larry Williamson, M.D., Correctional Medical Services, Inc. (CMS), and Donald Holmes, M.D. [Docket 17], (3) deny Plaintiff's Motion to Amend his Complaint to add Thomas McBride as a defendant [Docket 22], and (4) refer this back to himself for further proceedings.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections

that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). *See also Page v. Lee*, 337 F.3d 411 (4th Cir. 2003); *Johnson v Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (if party fails to object to magistrate judge's report and recommendation in district court, she waives appellate review of both factual and legal questions; if party objects in district court on some issues and not others, she waives appellate review of issues to which she has not objected).  Here, objections to Magistrate Judge VanDervort's PF&R were due by September 14, 2007, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  Defendants Mary Westfall, Larry Williamson, M.D., Correctional Medical Services, Inc. (CMS), and Donald Holmes, M.D. (hereinafter, the Medical Defendants) filed objections on August 29, 2007.  Plaintiff filed objections on September 11, 2007.

## I.  BACKGROUND

In his PF&R, the magistrate judge reviewed the full factual and procedural history of this action.  Plaintiff, who is representing himself in this matter *pro se*, is an inmate in confinement at Mount Olive Correctional Complex in Mount Olive, West Virginia.[1]  Generally, Plaintiff alleges that Defendants failed to provide appropriate medical care for his urinary tract condition.  According to Plaintiff, he was diagnosed by Dr. Edgerton with a urinary tract stricture on or about August 2003.  Dr. Edgerton then referred Plaintiff to a hospital in Morgantown, West Virginia, for treatment of the stricture.  Plaintiff alleges that Defendants delayed his prescribed treatment until August 2005, and that this two-year delay caused him to suffer infections and pain.  Plaintiff also alleges that he did not receive prescribed follow-up treatment at the Morgantown hospital, which has caused him further

---

[1]  Mount Olive is a facility within the West Virginia Regional Jail and Correctional Facility Authority, which itself is division of the State of West Virginia.

-2-

pain.  Plaintiff seeks monetary relief pursuant to 42 U.S.C. § 1983 and the 8th Amendment to the United States Constitution, as well as asserting claims for medical negligence.

In response to Plaintiff's Complaint, Defendants each filed motions to dismiss.  Plaintiff moved to amend his Complaint to add Thomas McBride, Warden of Mount Olive, as a defendant. After consideration of these motions, the magistrate judge recommended (1) granting the State of West Virginia and James Rubenstein's Motion to Dismiss, (2) granting in part and denying in part the Medical Defendants' Motion to Dismiss, and (3) denying Plaintiff's Motion to Amend.  The Medical Defendants objected to the magistrate judge's recommendation to deny their Motion to Dismiss Plaintiff's § 1983 claim.  Plaintiff objected to the magistrate judge's recommendations to dismiss James Rubenstein, to dismiss Plaintiff's medical negligence claims, and to deny his Motion to Amend.

## II.  STANDARD FOR CONSIDERATION OF OBJECTIONS

In considering the parties' objections to Magistrate Judge VanDervort's PF&R, the Federal Rules of Civil Procedure provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule.  The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b).  In his PF&R, the magistrate judge has made recommendations concerning Defendants' motions to dismiss made pursuant to Rule 12(b)(6).  This Court will, therefore, review these motions *de novo*.

### III.  STANDARD FOR RULE 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a claim for failure to state a claim upon which relief can be granted.  When reviewing such a motion to dismiss, the Court accepts as true the facts as alleged in the complaint, views them in the light most favorable to the plaintiff, and recognizes that dismissal is inappropriate unless it appears to a certainty that the plaintiff would be entitled to no relief under any set of facts that could be proved in support of his claim.  *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994).  A plaintiff must allege facts in the complaint sufficient to support the claimed legal conclusion.  *See Migdal v. Rowe Price-Fleming Int'l, Inc*., 248 F.3d 321, 326 (4th Cir. 2001).  Although pleading requirements are liberal, "more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant."  *Id.*

### IV.  OBJECTIONS

#### A.  Medical Defendants' Objections

The Medical Defendants object to Section 4 of the PF&R, which recommends the denial of their Motion to Dismiss Plaintiff's § 1983 claim.

##### (1) Pro se Pleadings

The Medical Defendants first object that, in evaluating the sufficiency of the allegations in Plaintiff's Complaint, the magistrate judge erred in considering Plaintiff's response to their Motion to Dismiss.

In drafting his Complaint, Plaintiff filled out a form provided by this Court for prisoners who wish to file actions under 42 U.S.C. § 1983.  In the section of the form complaint titled "Statement

of Claim," Plaintiff was asked to "State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. . . (Use as much space as you need. Attach extra sheets if necessary.)" In the space allotted on the form, Plaintiff very briefly described his claim: that his prescribed medical treatment was delayed for two years. Plaintiff did not specifically address particular defendants, except for CMS.

In the Medical Defendants' Motion to Dismiss, they argue that Plaintiff did not make sufficient allegations in his Complaint to state a claim under § 1983. In his responses to Defendants' motions to dismiss, Plaintiff set forth additional details of his claim. [*See* Dockets 23 and 25.] Plaintiff did not, however, seek to amend his Complaint to add the allegations set forth in the response briefs.

In finding that the allegations in Plaintiff's Complaint were sufficient to support a § 1983 claim, the magistrate judge considered both the allegations contained in original Complaint and in Plaintiff's response briefs. The Medical Defendants object to the magistrate judge's decision to consider Plaintiff's response briefs as a pleadings, and cite *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 (D. Md. 1997) for the proposition that, in deciding Rule 12(b)(6) motions, courts cannot consider facts alleged in motion briefs.[2] *Zachair*, however, was a Sherman Act case in which the plaintiff was represented by counsel. Here, Plaintiff is representing himself *pro se*, and Court is charged with liberally construing a pleading filed by a *pro* se litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). In giving liberal

---

[2]   The Medical Defendants appear to concede that <u>if</u> the Court considers the allegations in his response briefs, Plaintiff has alleged sufficient facts to state a § 1983 claim. In any event, the Court agrees with the magistrate judge's finding that Plaintiff's Complaint and response briefs, taken together, are sufficient to state a claim § 1983 claim against the Medical Defendants.

construction to Plaintiff's pleadings, the Court interprets Plaintiff's request to "clarify" his claims as a motion to amend to his Complaint. [Docket 23 at 2, Docket 25 at 6.] Because this motion was made subsequent to Plaintiff's original amendment to his Complaint to add Mr. McBride (*see*, Part IV(B)(1) *infra*), Plaintiff is required to seek leave of Court pursuant to Rule 15(a); however, the rule states that "leave shall be freely given when justice so requires." For good cause shown, Plaintiff's motion is **GRANTED** and the allegations in his response briefs will be considered part of his Complaint.[3] The Court **FINDS** that Plaintiff's allegations in his responses to Defendants' motions to dismiss were properly considered by the Magistrate Judge. The Medical Defendant's first objection is **OVERRULED**.

### (2) Corporate § 1983 Defendant

The Medical Defendants also object to the magistrate judge's purported failure to consider the argument that Plaintiff has failed to state a claim against CMS. Because CMS is a corporation, it cannot be held liable in a § 1983 action for the acts of its employees under the doctrine of *respondeat superior*. Rather, "a private corporation is liable under § 1983 only when an official policy or custom causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727 (4th Cir. 1999). In his response to the Medical Defendant's Motion to Dismiss, Plaintiff alleges that ". . . CMS . . . [has] an unofficial policy of delaying case as long as possible, most likely to attempt to save money and boost profits." [Docket 25 at 11.] The Court, therefore,

---

[3] The Court's construction of briefing as an amendment is limited to the procedural context in which this issue arises in this case, *i.e.* a Rule 12(b)(6) motion prior to the entry of a PF&R. This should in no way be construed as a license to freely amend or raise new claims, issues, or arguments without leave of court at other points in litigation.

**FINDS** that Plaintiff's allegations are sufficient to state a § 1983 claim against CMS. Accordingly, the Medical Defendants' second objection is **OVERRULED**.

### B. Plaintiff's Objections

Plaintiff objects to Sections 2, 5, and 6 of the PF&R.

#### (1) Supervisory Liability Claims

Plaintiff first objects to the magistrate judge's conclusion in Sections 2 and 6 of the PF&R that he has not stated a viable § 1983 claim against Defendant James Rubenstein, Commissioner of the West Virginia Division of Corrections, or Thomas McBride, Warden of Mount Olive.[4] As noted above, Plaintiff claims that Defendants failed to provide him appropriate medical care for his urinary tract condition.

It is well-settled that prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if they can show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976). Thus, prisoners must allege and then establish two distinct elements to state a claim upon which relief can be granted. First, prisoners must demonstrate a sufficiently serious medical need. "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious even a layperson would easily recognize the necessity for a doctor's attention." *Sheldon v. C/O Pezley,* 49 F.3d 1312, 1316 (8th Cir. 1995). Second, a plaintiff must establish deliberate indifference. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or

---

[4] The Magistrate Judge recommended dismissal of Mr. Rubenstein and denial of Plaintiff's Motion to Amend his Complaint to add Mr. McBride.

with knowledge that harm will result." *Farmer v. Brennan,* 511 U.S. 825, 831 (1994).  To establish deliberate indifference on the part of non-medical prison officials in the context of a medical claim, prisoners must allege that the official "interfered with the medical staff's treatment or were aware that the staff was providing grossly inadequate care and tacitly authorized the provision of such care." *Boblett v. Angelone,* 957 F. Supp. 808, 813 (E.D. Va. 1997) (citing *Miltier v. Beorn,* 896 F.2d 848, 854-55 (4th Cir. 1990)).  The standard for deliberate indifference is a subjective one, requiring "actual knowledge or awareness on the part of the alleged inflicter." *Brice v. Virginia Beach Corr. Ctr.,* 58 F.3d 101, 105 (4th Cir. 1995).

Plaintiff alleges that Messrs. Rubenstein and McBride were aware of his need for surgery through his filing of grievance letters, and that they were deliberately indifferent to his claims, which caused him to suffer additional pain and suffering. [*See* Docket 23 at 4].  In light of the foregoing standards, the Court **FINDS** that Plaintiff's allegations are sufficient to state a § 1983 claim against Messrs. Rubenstein and McBride.  Therefore, the Court **SUSTAINS** Plaintiff's objection to this dismissal of Mr. Rubenstein.  With regard to Mr. McBride, as Defendants have not filed responsive pleadings withing the meaning of Fed. R. Civ. P. 15(a), Plaintiff has the right to amend his Complaint once as a matter of course.  *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1068 n. 1 (4th Cir.1993) ("A motion to dismiss is not a responsive pleading for the purposes of Rule 15(a).").  Therefore, the Court **DENIES AS MOOT** Plaintiff's Motion to Amend to add Mr. McBride as a defendant in this action [Docket 22], and Mr. McBride is added as a defendant in this case.

*(2)  Medical Negligence Claims*

Plaintiff also claims that the Medical Defendants were negligent in their treatment of his medical condition.  To establish a medical negligence claim in West Virginia under the West Virginia Medical Professional Liability Act (MPLA), the plaintiff must prove that:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and
>
> (b) such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3.[5]  When a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required.  *Banfi v. American Hospital for Rehabilitation*, 529 S.E.2d 600, 605-606 (W. Va. 2000).  Additionally, under W. Va. Code § 55-7B-6, certain pre-suit requirements must be met before a person may file an action against a health care provider.  That section provides, in pertinent part, that:

> § 55-7B-6. Prerequisite for filing an action against a health care provider; procedures; sanctions
>
> (a) Notwithstanding any other provisions of this code, no person may file a medical professional liability action against any health care provider without complying with the provisions of this section.
>
> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join

---

[5]  In his PF&R, the magistrate judge appears to conclude that Defendants Mary Westfall, Larry Williamson, M.D., Correctional Medical Services, Inc. (CMS), and Donald Holmes, M.D. (*i.e.*, the Medical Defendants) are each "health care providers" as defined by W. Va. Code § 55-7B-2(g).  As Plaintiff did not object to this point, the Court concludes that the Medical Defendants are covered by the MPLA.

-9-

in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) the expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provider for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

W. Va. Code § 55-7B-6.  Compliance with W. Va. Code § 55-7B-6 is mandatory prior to filing suit in federal court. *See Stanley v. United States*, 321 F. Supp. 2d 805, 806-807 (N.D. W. Va. 2004).

In his PF&R, the magistrate judge concludes that although Plaintiff may have provided the Medical Defendants with the required 30 days notice through his filing of administrative claims, he has not satisfied the MPLA's screening certificate of merit requirement. Plaintiff objects and argues that his medical records, which are not a part of the record in this case, should be used to satisfy the screening certificate of merit requirement.

The Court notes that Plaintiff does not offer any pleadings, affidavits, or declarations from any medical professional that establishes the applicable community standards for the diagnosis or treatment of a urinary tract stricture. As noted by the magistrate judge, based upon the circumstances of this case, Plaintiff would be required to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the Medical Defendants' breach of the duty of care. The Court **FINDS** that Plaintiff has failed to satisfy the mandatory

-10-

screening certificate of merit requirement of W. Va. Code § 55-7B-6.  Accordingly, Plaintiff's second objection is **OVERRULED** and his medical negligence claim against the Medical Defendants is **DISMISSED WITHOUT PREJUDICE**.[6]

## V.  CONCLUSION

For the reasons stated above, the Medical Defendants' objections are **OVERRULED** and Plaintiff's objections are **SUSTAINED IN PART** and **OVERRRULED IN PART**.  Accordingly, the Court (1) **GRANTS IN PART** and **DENIES IN PART** Defendants James Rubenstein and the State of West Virginia's Motion to Dismiss [Docket 8], (2) **GRANTS IN PART** and **DENIES IN PART** the Motion to Dismiss of Defendants Mary Westfall, Larry Williamson, M.D., Correctional Medical Services, Inc. (CMS), and Donald Holmes, M.D. [Docket 17], (3) **DENIES AS MOOT** Plaintiff's Motion to Amend his Complaint to add Thomas McBride as a defendant [Docket 22], and **REFERS** this matter back to Magistrate Judge VanDervort for further proceedings consistent with this opinion.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, Plaintiff, and any unrepresented party.

ENTER:          September 27, 2007

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[6]  Plaintiff may be able to bring his medical negligence claims against the Medical Defendants in a separate proceeding after complying with the MPLA.

-11-