**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

MICHAEL JAMES MOTTO,

               Plaintiff,

v.                                       CIVIL ACTION NO.  5:06-cv-00163

CORRECTIONAL MEDICAL SERVICES,
ST. LOUIS, MO, et al.,

               Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Correctional Medical Services, Inc.'s (CMS) Objections to Magistrate Judge's Order of January 9, 2009 [Docket 138].  For the reasons stated below, Magistrate Judge R. Clarke VanDervort's order denying CMS's motion for a protective order [Docket 137] is **AFFIRMED**.

This action arises from allegedly inadequate medical care given to Plaintiff Michael James Motto, a prisoner at the Mount Olive Correctional Facility (MOCF) in Mount Olive, West Virginia. Defendant CMS is a corporation that formerly was contract to provided medical services for inmates at MOCF.   In accordance with a Standing Order entered July 21, 2004, and filed in this action on March 2, 2006, this matter was referred to Magistrate Judge VanDervort.  At a hearing held before Magistrate Judge VanDervort on September 16, 2008, CMS was ordered to produce all policies and procedures relating to the provision of medical care at MOCF.

On December 16, 2008, CMS filed a motion for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure.  CMS indicated that it was prepared to comply with Magistrate Judge VanDervort's order to produce the polices and procedures, but that it requested restrictions on the use of the documents on the grounds that they are confidential business information and trade secrets.  The documents at issue outline CMS's policies and procedures concerning (1) hospital and speciality care, (2) continuity of care, (3) patient escort, (4) emergency services, and (5) transfer to inpatient psychiatric setting.  CMS argues that the documents are the "result of many hours of collaborative work on the part of CMS officials" and that if the documents become public, "less experienced competitors would gain the advantage of CMS's experience at no cost to themselves and would be able to bid more competitively against CMS for contracts in the future." (Docket 134-5.)  CMS requests that the documents be filed under seal and that various restrictions be placed on their use.

On January 9, 2009, Magistrate Judge VanDervort denied the motion after reviewing the documents in camera.  He found that the documents do not qualify as trade secrets or confidential commercial information entitled to protection under Rule 26(c).  He noted that the documents did not contain "the type of information contemplated by Rule 26(c) as trade secrets or confidential commercial information" and that he could not "discern any commercial value" in the documents. (Docket 137 at 4.)  CMS timely filed objections on January 16, 2009.

Rule 72(a) provides that an aggrieved party may appeal a non-dispositive order of a magistrate judge to the district court within ten days of entry.  The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  "The clearly erroneous standard applies to factual findings, while

legal conclusions will be rejected if they are contrary to law." *Neighborhood Dev. Collaborative v. Murphy*, 233 F.R.D. 436, 438 (D. Md. 2005).   Under the clearly erroneous standard, the magistrate judge's findings should not be disturbed unless the court is left with a "definite and firm conviction that a mistake has been committed." *Harman v. Robertson*, 772 F.2d 1150, 1153 (4th Cir. 1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The basis of CMS's objection is that Magistrate Judge VanDervort erred by concluding that the documents at issue were not trade secrets or confidential information entitled to protection under Rule 26(c).   More specifically, CMS argues that "key issue is whether unlimited use and dissemination of the documents will cause substantial economic harm to CMS." (Docket 138 at 2.) As the Magistrate Judge correctly notes, CMS bears the burden of "demonstrat[ing] with specificity that (1) the information qualifies for protection under F.R. Civ. P. 26(c), and (2) good cause exists for restricting dissemination on the ground that harm would result from its disclosure." L.R. Civ. P. 26.4.   A review of the record does not suggest that CMS has met this burden.

The documents at issue contain CMS's policies and procedures for the provision of health care services at MOCF.   CMS states, through the affidavit of Mary Westfall, R.N.:

> At each site where it operates, CMS creates a set of policies and procedures to guide its provision of medical care to inmates.  CMS officials, including physicians, nurses, and administrators, contribute to this creative process.  In doing so, these individuals consult with general guidelines published by the American Correctional Association and the National Commission on Correctional Health Care.  While the publications of these organizations are public, CMS officials tailor the general guidelines to the specific conditions at a given site.

(Docket 134-5.)  The factual allegations in the Westfall affidavit do not appear to support CMS's subsequent argument that the documents "have significant economic value and provide CMS with a competitive advantage over its competitors."  (Docket 135 at 5.)  Rather, it appears that the

documents at issue are industry-standard policies and procedures which have been tailored for the conditions at MOCF.  This is consistent with Magistrate Judge VanDervort's order, which noted similarities between the documents CMS seeks to protect and standard operating procedures and similar policies that rarely fall into the category of trade secrets or confidential commercial information.

In addition to the objection noted above, CMS argues that the magistrate judge's order fails to account for its contention that "unlimited dissemination of these documents could subject [CMS] to harassment through continued litigation."  (Docket 138 at 2.)  This argument, which was first raised in CMS's memorandum in support of its motion for the protective order, is too speculative to justify a finding that Magistrate Judge VanDervort's order was clearly erroneous.  Even if Plaintiff "is coordinating his efforts with other prisoners" as CMS avers, (Docket 135 at 7), this fact alone does not suggest the conclusion that the documents will generate frivolous pro se suits.  Moreover, in the unlikely event that CMS becomes subject to frivolous suits due to the absence of a protective order covering the documents at issue, the "law provides sufficient means to control and sanction groundless litigation."  *Massey Coal Servs., Inc. v. Victaulic Co. of Am.*, 249 F.R.D. 477, 484 (S.D. W. Va. 2008) (Stanley, M.J.) (quoting *Nicklasch v. JLG Indus., Inc.*, 193 F.R.D. 570, 574 (S.D. Ind. 1999)).

After reviewing the record, the Court is not left with a definite and firm conviction that a mistake has been committed.  Accordingly, the Court does not find any portions of the order to be clearly erroneous or contrary to law.  The magistrate judge's order [Docket 137] denying CMS's motion for a protective order is **AFFIRMED**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record, any unrepresented party, and Magistrate Judge VanDervort.

ENTER:        FEBRUARY 9, 2009

_____

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE